IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAREEM DAWUD FARRAKHAN, | ) | |
| | ) | 8:06cv317 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER ON INITIAL REVIEW |
| | ) | |
| | ) | |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 2, the Motion for Leave to Proceed In Forma Pauperis ("IFP"), and filing No. 4, the Motion to Appoint Counsel, filed by the plaintiff, Kareem Dawud Farrakhan.  This case is one of three related cases the plaintiff has brought under the Fair Housing Act, 42 U.S.C.§§ 3601-3631 (Title VIII of the Civil Rights Act of 1968), and other civil rights statutes and federal constitutional provisions. Summarized briefly, the cases allege that the City of Omaha has engaged in housing discrimination as to the plaintiff and other low-income African-Americans in Omaha, Nebraska, whose property the City of Omaha has seized by eminent domain.

The plaintiff's Motion for Leave to Proceed IFP is granted.  The plaintiff's Motion to Appoint Counsel is denied at this time, without prejudice to reassertion as this case develops.

By moving for leave to proceed IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2).  I find on initial review that this case should be progressed.

In addition, as this case progresses, District Judge Laurie Smith Camp may decide to consolidate this action with Case No. 8:05cv444 between the same parties, as both cases deal with similar issues of race and relocation assistance.  For example, in Case No. 8:05cv444, the plaintiff alleges that as a condition of relocation assistance, the City of Omaha is attempting to force the plaintiff into racially segregated parts of the City, and that the City is undercutting the relocation assistance funds to which he is entitled so as to prevent him from relocating to more integrated neighborhoods.  The above-entitled case also deals with relocation assistance and suggests, among other issues, that the plaintiff has impairments or disabilities which the City has failed to accommodate in assisting the plaintiff with substitute housing.  In addition, the plaintiff lists many respects in which the housing which he contends is being foisted upon him by the City and its agents is not comparable to that which the City seized from him by eminent domain.  The plaintiff indicates that at every turn, the City has treated him with disrespect and with preconceived

notions as to where he may live within the City based on his race.

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis, is granted;

2. That filing No. 4, the plaintiff's Motion to Appoint Counsel, is denied at this time;

3. That as initial review of the complaint is now concluded, it is time for the plaintiff to obtain service of process on the defendants, as set forth below; because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes and returns the appropriate forms:

   a. The Clerk of Court shall provide the plaintiff with summons and USM-285 forms (one of each) and a copy of this Order. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. Absent the completed forms, service of process cannot occur.

   b. For service of process on the City of Omaha, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." The address of the City Clerk is 1819 Farnam Street, Suite LC-1, Omaha, NE 68183.

   c. Upon receipt of the completed forms, the Clerk of Court will sign the summons, to be forwarded, together with a copy of the Complaint and Supplement, to the U.S. Marshal for service on the defendant. The court will copy the complaint and Supplement for the Marshal. The Marshal shall serve the documents without payment of costs or fees and may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the Marshal's discretion.

   d. Fed. R. Civ. P. 4(m) requires service of the complaint on a defendant within 120 days of opening the case. However, the plaintiff is granted an extension until 120 days of the date of this Order. Failure to obtain service of process on the defendant by that deadline may result in dismissal of this action without further notice.

   e. After the defendant enters an appearance, the plaintiff must serve on the defendant's counsel a copy of every future document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

   f. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such

        document was mailed to the defendant's attorney.

g.      A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

h.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. The federal rules are available at any law library, and the local rules are available from the Clerk of Court, and also on the court's web site at www.ned.uscourts.gov.

i.      The plaintiff is requested to keep the court informed as to any changes in the address where the plaintiff can be reached while this litigation is pending.

DATED this 30th day of May, 2006.

                BY THE COURT:

                s/ F. A. GOSSETT
                United States Magistrate Judge